FILED
CLERK
8/30/2012 11:26 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MORALES ELECTRICAL CONTRACTING,
INC.,

                Plaintiff,              **MEMORANDUM OF
DECISION AND ORDER**

          -against-                    09-CV-2743 (ADS)(ETB)

SIEMENS BUILDING TECHNOLOGIES,
INC.,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Vandenberg & Feliu LLP**
Attorneys for the Plaintiff
60 East 42nd Street, 51st Floor
New York, NY 10165
       By: Raymond L. Vandenberg, Esq.
            Robert B. Bernstein, Esq.
            Debra Kobrin Levy, Esq.
            John C. Ohman, Esq., Of Counsel

**Venable LLP**
Attorneys for the Defendant
1270 Avenue of the Americas
New York, NY 10020
       By: Lawrence H. Cooke, III, Esq., Of Counsel

**SPATT, District Judge**.

       This lawsuit arises out of a subcontract that Morales Electrical Contracting, Inc. ("Morales" or "the Plaintiff") entered into with Siemens Building Technologies, Inc. ("Siemens" or "the Defendant") for the purpose of performing electrical work on a project at the JetBlue Airways terminal at John F. Kennedy International Airport ("JFK"). The facts of this case are fully set forth in the Court's order denying the Defendant's motion for summary judgment. See Morales Elec. Contracting, Inc. v. Siemens Bldg. Technologies, Inc. ("Morales I"), No. 09-CV-

2743, 2012 WL 1038865 (E.D.N.Y. March 28, 2012). Presently before the Court are the following motions *in limine* by the Defendant: (1) Motion to Strike the Morales Jury Demand; (2) Motion to Preclude Evidence of or Reference to the Death of Alan Smith; (3) Motion to Preclude the Testimony of Hildigaris Morales-Smith; (4) Motion to Preclude Evidence Concerning Duress; (5) Motion to Preclude Evidence of Unrecoverable Damages; (6) Motion to Preclude Evidence of the Smiths' Personal Losses; and (7) <u>Daubert</u> Motion to Exclude from evidence the Testimony of Plaintiff's Damage Witnesses. The Court's rulings on these *in limine* motions are set forth below.

## I. MOTION TO STRIKE MORALES' JURY DEMAND

Siemens moves to strike the Plaintiff's jury demand with respect to the fraud and breach of contract claims asserted against it, on the ground that the Subcontract includes an explicit waiver of a jury trial. The relevant provision of the Subcontract is Article 10 governing "Disputes", which states in relevant part:

> 10.1 All questions arising under this Agreement shall be resolved in the first instance by Contractor's Project Manager. **No claim for additional compensation or extension of time** shall be considered unless presented to Contractor's Project Manager in writing within ten (10) calendar days after the occurrence giving rise to the dispute. **Any claim not satisfactorily resolved by Contractor's Project Manager in the first instance**, and which is presented in writing within the time provided, **may be appealed by notice in writing to Contractor's Designated Representative** within ten (10) calendar days after the Project Manager's initial decision.
>
> 10.2 **All claims, disputes and other matters in question which are left unresolved after compliance with the foregoing**, arising out of or relating to this Subcontract or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, **may be litigated before any court of competent jurisdiction, provided that the parties mutually agree to hereby waive their rights to a jury trial with respect to any matter arising hereunder**.

(Cooke Decl., Exh. 1, Articles 10. 1 and 10.2) (emphasis added).) In arguing that the Plaintiff waived its right to a jury, Siemens focuses solely on Article 10.2. However, as the emphasized language above makes clear, the first sentence in Article 10.2 referencing disputes "left unresolved after compliance with the foregoing" indicates that it must be read in combination with the dispute resolution mechanism in Article 10.1. Accordingly, under the language of the Subcontract, pursuant to Article 10.2, a party only waives their right to a jury in a litigation following a failed attempt to resolve "All questions arising under th[e] Agreement" through the dispute mechanism outlined in Article 10.1.

Although the Defendant now argues that the Plaintiff should have followed the procedures set forth in Article 10.1 prior to commencing this action, the Defendant neither moved to dismiss the complaint on this ground, nor did the Defendant assert the Plaintiff's failure to comply with this condition precedent as an affirmative defense. See Endovasc, Ltd. v. J.P. Turner & Co., LLC, 169 F. App'x 655, 657 (2d Cir. 2006) (holding that state law applies to "construing the affirmative defense provisions of the Federal Rules" and that "under New York law, the failure of a plaintiff to comply with conditions precedent is an affirmative defense") (citations omitted); Columbia Artists Mgmt., LLC v. Alvarez, No. 08-Cv-11254, 2010 WL 5396097, at *6 (S.D.N.Y. Dec. 23, 2010) ("In New York, failure of a condition precedent is an affirmative defense."). Accordingly, the Court finds that the Defendant has waived the right to invoke the jury waiver based on the Plaintiff's alleged failure to comply with the condition precedent set forth in Article 10.1.

The Seventh Amendment to the United States Constitution preserves the right to jury trial on issues of fact in suits for breach of contract between private parties. See Northern Pipeline Constr. Co. v. Marathon Pipe Line, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982). A

party may, however, waive its right to a jury trial in civil cases. See Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848, 106 S. Ct. 3245, 92 L.Ed.2d 675 (1972). Because the right to a jury trial is "fundamental", it is well-settled that "a presumption exists against its waiver". Nat'l Equipment Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977); Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393, 57 S. Ct. 809, 81 L. Ed. 1177 (1937) ("[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."). Nevertheless, "a contractual waiver is enforceable if it is made knowingly, intentionally, and voluntarily." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 188 (2d Cir. 2007).

Here, the jury waiver in Article 10 of the Subcontract is narrow and limited in scope, and therefore it cannot be said that the Plaintiff "knowingly" and "voluntarily" agreed to waive a jury with respect to all claims arising out of the Agreement that were not previously subject to the dispute resolution mechanism in Article 10.1. Nevertheless, for the first time in its reply submission, the Defendant appears to suggest that the Plaintiff submitted its claim for an equitable adjustment to the dispute resolution mechanism in Article 10.1. Thus, the Defendant argues that, because the equitable adjustment claim related to the same acceleration and scope allegations that form the basis for the fraudulent inducement and fraudulent concealment claims, the jury waiver in Article 10.2 applies.

The Court agrees that, if the Plaintiff did follow the dispute resolution mechanism set forth in Article 10.1 with respect to the equitable adjustment claim prior to commencing this litigation, there is at least some possibility that the jury waiver is binding with respect to some or all of the claims asserted against Siemens in this lawsuit. However, because this issue was raised for the first time in the Defendant's reply brief, the Plaintiff has not had an opportunity to

4

respond. Accordingly, the Defendant's motion *in limine* to strike the Plaintiff's jury demand is denied without prejudice. Although jury selection will go forward as scheduled on Tuesday, September 4, 2012, the parties are directed to appear before the Court at 9:00am on September 4, 2012 in order to address the Defendant's newly raised argument before jury selection commences.

## **II. MOTIONS RELATED TO THE DEATH OF ALAN SMITH**

Siemens moves to preclude evidence of or reference to the death of Alan Smith, the principal of Morales during all times relevant to the instant litigation, who passed away in 2011. In addition, to the extent it relates to Mr. Smith's death, Siemens also moves to preclude the testimony of Hildigaris Morales-Smith, who is Mr. Smith's widow and the new corporate representative. Although Siemens does not oppose a stipulation that Mr. Smith is no longer alive, it opposes any evidence or testimony about Mr. Smith's death that could be used to "evoke sympathy or inflame the passions of the fact-finder". (Def.'s Br. at 4.) Fueling this motion is a purported email by Mr. Smith's father accusing Siemens of causing Mr. Smith's death through their behavior and the recent decision by Morales to call Ms. Morales-Smith to testify.

For its part, Morales asserts that it does not intend to introduce statements by Mr. Smith's father, or any other witness, that would blame Siemens for the death of Mr. Smith, and that it would limit any information presented to the jury to the fact that "that a key witness has died, when he died, and who will be replacing him as Plaintiff's corporate representative." (Pl.'s Opp. at 5.) With respect to the testimony of Ms. Morales-Smith, the Plaintiff asserts that it is necessary "to explain why Mr. Smith is not present at trial, who she is and why she, who would otherwise would be an unknown name and face to the jury, is present at counsel table during the trial". (Id. at 6.)

5

The Court agrees with Morales that the jury is entitled to know that Mr. Smith has died, when he died, and who will be replacing him as the Plaintiff's corporate representative. Accordingly, the Court denies the Defendant's motion to the extent it seeks to preclude such evidence. The Court will address the proper method for presenting this information to the jury with counsel prior to trial. However, the Court agrees with Siemens that disseminating this information through the testimony of Ms. Morales-Smith would be unnecessarily prejudicial, and therefore grants the motion to preclude her testimony in this regard. As a final note, the Plaintiff is cautioned against introducing any statements or testimony that would lead a reasonable juror to infer that Siemens is in any way responsible for the unfortunate, but unrelated act of Mr. Smith's passing.

### III.  MOTION TO EXCLUDE EVIDENCE OF UNRECOVERABLE DAMAGES

Siemens again moves to preclude evidence of what it characterizes as "unrecoverable damages". The Court says "again", because the arguments in this motion are identical to those raised by Siemens its motion for summary judgment. The Court attributes this request to Siemens' desire to assess its potential exposure going into the trial. However, as the Court explained in its summary judgment decision, there are too many overlapping issues of fact to resolve the question of available damages in this case prior to the trial. Accordingly, the Court denies the Defendant's motion to preclude evidence of allegedly "unrecoverable damages", without prejudice to renewal during or after the trial.

### IV.  MOTION TO PRECLUDE EVIDENCE CONCERNING DURESS

In this case, the Plaintiff contends that the Defendant breached the Subcontract in part by refusing to pay fair value for the additional work reflected in four change orders and has refused to compensate it for the additional work associated with ten other change orders. The Defendant

6

moved for summary judgment on this claim, arguing that, by signing the change orders, the Plaintiff waived its right to additional compensation. In denying summary judgment to the Defendant on this claim, the Court held in Morales I that:

> while the Plaintiff may have signed the change orders, the Plaintiff has submitted evidence that: (1) the parties were not adhering to the change order procedure as set forth in the Subcontract because the Plaintiff was directed to perform the additional work prior to the change orders being signed and (2) the Defendant allegedly led the Plaintiff to believe that any discrepancies between the amount the Plaintiff believed was owed and the amount paid could be resolved through an equitable adjustment at the conclusion of the Work. Thus, the Court cannot say as a matter of law that the Plaintiff waived its right to contest those change orders after the fact.

2012 WL 1038865, at *16. In reaching this conclusion, the Court did not address an argument raised by Morales for the first time in opposition to the Defendant's motion for summary judgment, namely that the change orders were not binding because they were signed under economic duress. Now, Siemens moves to preclude Morales from offering any evidence or argument that the change orders are invalid based on the ground that Morales signed them under economic duress.

This motion *in limine* is essentially a second motion for summary judgment. As with the first motion for summary judgment, there are issues of fact concerning the circumstances surrounding each change order that have yet to be fully developed and presented to the Court. At this stage in the proceedings, the Court in unwilling to preclude the Plaintiff from offering evidence to support this breach of contract theory. Accordingly, the Court denies the Defendant's motion to preclude evidence or argument of economic duress.

### V. MOTION TO PRECLUDE EVIDENCE OF PERSONAL LOSSES

As previously noted, the Court has reserved decision with respect to the Defendant's motion to preclude evidence of unrecoverable damages. However, the Defendant separately

moves to preclude the evidence of the personal losses of Alan Smith and Hildigaris Morales-Smith on the ground that the Plaintiff's have failed to produce their tax returns. Siemens contends that the Smiths' tax returns are relevant because Morales seeks to recover for the alleged personal losses of the Smiths, and the Plaintiff's experts had the tax returns when preparing their opinions. Therefore, the Defendant asserts that Siemens is unfairly prevented from effectively cross-examining the Plaintiff's witnesses without the tax returns.

"Although income tax returns provide a reliable source of financial information, they reveal highly sensitive information, such as the social security numbers of the taxpayers, medical and other deductions, and spousal financial information which may not be relevant to the litigation." Malinowski v. Wall Street Source, Inc., No. 09-CV-9592, 2011 WL 1226283, at *3 (S.D.N.Y. March 18, 2011) (internal quotations and citations omitted). Furthermore, "[t]ax returns qualify as protected matter, and courts have been reluctant to require disclosure of tax returns because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." Ellis v. City of New York, 243 F.R.D. 109, 111 (S.D.N.Y. 2007) (internal quotations and citations omitted). Accordingly, before a court will order the disclosure of tax returns, the moving party must demonstrate to the court that: "1) the returns are relevant to the subject matter of the action and 2) a compelling need for the information". Id.

Although the tax returns are arguably relevant to the Plaintiff's claims for loss wages, based on the Court's review of the parties' submissions, the Defendant has not shown a compelling need. Specifically, the Defendant has not explained what information is available in the tax returns that it has been unable to obtain from the plethora of financial documents produced during discovery. Furthermore, the Court agrees with the Defendant that, to the extent

the Plaintiff's experts relied on the tax returns in forming their opinions, the Defendants would be entitled to the same information. However, the testimony quoted by the Defendant in support of the instant motion is that one of the Plaintiff's experts relied on the Smiths' W-2's in forming her opinion. This document is not a tax return. Malinowski, 2011 WL 1226283, at *4 ("Defendants fail to demonstrate that they were unable to obtain the information through less intrusive means, such as by seeking production of W–2s and 1099s for the 2005–2009 period"). Siemens has not argued that Morales failed to produce the requisite W-2 forms, and therefore the production of those documents is not at issue on the instant motion.

Accordingly, the Court denies the Defendant's motion to preclude the evidence of the Smith's personal losses without prejudice to renewal during the trial.

## VI. DAUBERT MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S DAMAGES EXPERTS

Finally, Siemens brings a Daubert motion to exclude the testimony of the Plaintiff's damages experts, Mr. Robert Rochlin and Ms. Lisa Chait, who are both Certified Public Accountants. According to Siemens, the Court should exclude the Plaintiff's damages experts from testifying because they are unqualified to render opinions on causation and they both utilized flawed methodologies in their damage calculations because they simply assumed causation. Morales opposes this motion on the ground that neither Rochlin nor Chait are being offered to render opinions on causation, but rather to "give testimony regarding certain computations and analysis that will guide the jury in its assessment of the proper quantum of damages to be awarded in the event of a finding in Morales' favor on the question of liability." (Pl.'s Opp. at 9–10.)

Upon review of the parties' submissions, the Court has determined that a Daubert hearing

is necessary with respect to the admissibility of the Plaintiff's damages experts. Accordingly, the Plaintiff is directed to produce Mr. Robert Rochlin and Ms. Lisa Chait for <u>Daubert</u> hearings to be held on Wednesday, September 5, 2012 at 9:30am. Jury selection will still be held on Tuesday September 4, 2012. However, to accommodate the <u>Daubert</u> hearings, the trial will commence on Thursday, September 6, 2012.

**SO ORDERED.**

Dated: Central Islip, New York
August 30, 2012

                 ___/s/ Arthur D. Spatt_____
                  ARTHUR D. SPATT
                 United States District Judge